```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 MARIE ACCORDINO,

                         Plaintiff,         MEMORANDUM & ORDER

                                             Civil Action No. 03-4944
       -against-

VILLAGE OF PATCHOGUE and
MILTON COHEN,

                         Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

APPEARANCES:

**YOUNG & YOUNG, LLP**
Attorneys for Plaintiff
863 Islip Avenue
Central Islip, New York 11722
By: Patrick F. Young, Esq.

**MIRANDA & SKOLOFF, LLP**
Attorneys for Defendant
240 Mineola Blvd.
Mineola, New York 11501
By: Steven C. Stern, Esq

**CARLUCCI & LEGUM, LLP**
Attorneys for Defendant
170 Old Country Road
Mineola, New York 11501
By: Steven G. Legum, Esq.

**HURLEY, Senior District Judge**

Presently before the Court is the motion of Defendant Village of Patchogue for an Order, pursuant to Fed. R. Civ. P. 37 and 41(b), dismissing this action in its entirely as against it. For the reasons set forth below, the motion is denied without prejudice to renew if, within thirty (30) days of the date hereof, Plaintiff fails to serve both an Initial Disclosure pursuant to Rule 26(a)(1) and responses to Defendants' First Set of Interrogatories and Requests for the Production of Documents, dated July 19, 2005, or if, within sixty days of the date hereof, Plaintiff fails to appear for her deposition.

*BACKGROUND*

Plaintiff commenced this action in September 2003 pursuant to 42 U.S.C. § 1983 seeking to recover for an alleged sexual assault by Milton Cohen ("Cohen"), a former Village Constable in the Village of Patchogue (the "Village"). Both Cohen and the Village are named as defendants. The initial discovery conference called for discovery to be complete by July 16, 2004. However, the action was then stayed for a period of time as a result of pending criminal charges against Cohen. The stay was lifted on June 24, 2005 after the charges were resolved in Cohen's favor. A new discovery cut-off of October 31, 2005 was established.

The Village served Plaintiff with Defendant's First Set of Interrogatories and Requests for the Production for Documents. A notice of deposition was also served. Despite letters from the Village's counsel inquiring as to the status of Plaintiff's responses, no responses were forthcoming. A conference was held on November 29, 2005, at which time Plaintiff's counsel did not appear. The Village thereafter moved before the Magistrate Judge for an order

2

compelling responses to outstanding discovery. On December 8, 2005, the Magistrate Judge granted the motion, noting that "[t]he failure to comply will expose this action to dismissal under Section 41(b), Fed. R. Civ. P." Pursuant to the Magistrate Judge's direction, a copy of the Order was served upon Plaintiff's counsel via facsimile. Thereafter, the Village sent a pre-motion conference letter seeking leave to move to dismiss this action. Plaintiff never responded to the letter. The Village's request was granted and this motion followed.

In opposing the Village's motion, Plaintiff's counsel claims that the delays in this action were caused by Cohen - first, by the pending criminal charges against it and then by Cohen's Bankruptcy. According to counsel, the Bankruptcy Court advised him that this case was stayed as a result of Cohen's bankruptcy filing. Apparently counsel took this to mean that the entire action was stayed and not just the claims against Cohen. Counsel also claims that as a result of trouble in receiving ECF transmissions, he did not receive notice that in the event he did not comply with order granting the motion to compel the case would be dismissed.[1]

## DISCUSSION

A Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations." *Conti v. Town of Warwick Zoning Board*, 2003 U.S. App. Lexis 23401 at 3 (2d Cir. 2003 (quoting *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853,855 (2d Cir. 1972)). In deciding whether a Rule 41(b) dismissal is appropriate a court should consider five factors:

> 1) the duration of the plaintiff's noncompliance; 2) whether the plaintiff was on notice that dismissal could result from this noncompliance; 3) the

---

[1]Counsel does not deny receiving the facsimile copy of the Magistrate Judge's Order warning that the case could be dismissed. He merely claims that "facsimile service is not authorized under the Federal Rules of Civil Procedure or the CPLR.."

3

amount of prejudice caused to the defendant by further delay; 4) a balancing of the court's interest in managing its docket against the plaintiff's interest in having an opportunity to be heard; and 5) whether a less drastic sanction is available.

*Conti*, 2003 U.S. App. Lexis 23401 at 3 - 4. *See also Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482 (2d Cir 1994).

In this case, consideration of the five factors leads this Court to conclude that dismissal is not appropriate at this juncture. Given the short duration of Plaintiff's noncompliance, the lack of apparent prejudice to the Village and the plaintiff's interest in having an opportunity to be heard, the Court will deny the motion. In reaching this conclusion that Court notes that it appears that noncompliance lies at the feet of plaintiff's counsel and not plaintiff herself. It was Plaintiff's counsel that ignored the notices of the Magistrate Judge and failed to appear. It was plaintiff's counsel who failed to respond to the letters from the Village's counsel regarding outstanding discovery. It was plaintiff's counsel who opposed the pending motion to dismiss without proffering responses to the outstanding discovery requests. Any further noncompliance with the Rules and Orders of this Court will not be tolerated.

Denial of the motion is without prejudice to renew[2] in the event the Plaintiff fails to serve both initial disclosure pursuant to Rule 26(a)(1) and responses to Defendant's First Set of Interrogatories and Requests for Production of Documents within 30 days of the date hereof or if

---

[2] In the event of noncompliance with this Order, the Village need not seek a pre-motion conference and may renew this motion by letter application.

Plaintiff fails to appear for deposition within 60 days of the date hereof.[3]

**SO ORDERED**

Dated: Central Islip, New York
 October 25, 2006

                                        /s/
                                        Denis R. Hurley
                                        United States Senior District Judge

---

[3]The docket reflects correspondence from Plaintiff's counsel to both this District Judge and the Magistrate Judge requesting that this Court "exercise jurisdiction" over the plaintiff's adversary proceeding in the bankruptcy court seeking a determination that Cohen's debt to plaintiff is nondischargeable. Apparently, however, no such application was made to the Bankruptcy Court. Nor does it appear that Plaintiff has moved to lift the automatic stay.